UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA (TAMPA)

CASE NO.: 8:21-cv-00360-TPB-CPT

BURT WIAND.,
as Receiver for EquiAlt, LLC et al.,

     Plaintiff,

         v.

Erik Adamek, et al.

     Defendant.

_____

## DALE TENHULZEN ANSWER AND AFFIRMATIVE DEFENSES

Defendant Dale Tenhulzen ("Tenhulzen"), by himself *pro se*, files this Answer and Affirmative Defenses to the Complaint (the "Complaint") and states as follows:

*General Denial*

Tenhulzen denies all characterizations in headings in the Complaint, denies all allegations contained in the Complaint not specifically admitted herein, and denies each and every claim against Tenhulzen alleged in the Complaint .

*Specific Responses*

### Introduction

1. Without knowledge as to ¶¶1-8 and demand strict proof thereof.

**Jurisdiction and Venue**

2.  Without knowledge as to ¶9 and demand strict proof thereof.

3.  Denied as to Tenhulzen; Without knowledge as to the remaining defendants referenced in ¶10 and demand strict proof thereof.

4.  Without knowledge as to ¶¶s11-116 and 118-134 as to the remining defendants and demand strict proof thereof; Denied as to Tenhulzen (¶117) .

5.  Without knowledge as to ¶¶135-136 and demand strict proof thereof.

**Other Parties and Related Individuals**

6.  Without knowledge as to ¶¶137-150 and demand strict proof thereof.

**Facts Common to All Causes of Action**

7.  Without knowledge as to ¶151-153 and demand strict proof thereof.

    A.  *Insiders Operated the EquiAlt Entities as a Common Enterprise*

8.  Without knowledge as to ¶¶154-158 and demand strict proof thereof.

    B.  *The Insiders Operated the EquiAlt Entities as a Ponzi Scheme*

9.  Without knowledge as to ¶159 and demand strict proof thereof.

10. Admit ¶160 as to Tenhulzen; without knowledge as to the remaining defendants and demand strict proof thereof.

11. Without knowledge as to last two sentences of ¶161 and demand strict proof thereof; otherwise admitted.

12. Admit ¶162 as to Tenhulzen; except without knowledge as to words "fraudulently marketed" and demand strict proof; without knowledge as to remaining defendants, and demand strict proof thereof.

13. Without knowledge as to ¶¶163-164 and demand strict proof thereof.

14. Admit ¶165 as to Tenhulzen; without knowledge as to ¶165 as for remining defendants, and demand strict proof thereof.

15. Without knowledge as to ¶166, and demand strict proof thereof.

16. Without knowledge as to ¶¶167-191 and demand strict proof thereof.

   C.  *Transfer to the Defendants*

17.  Denies the first sentence of ¶192;  without knowledge as to the remaining Defendants and the balance of the allegations and demands strict proof thereof.

18. Without knowledge as to ¶¶193-197, and demand strict proof thereof.

## Count I

19. In response to ¶198 Tenhulzen re-alleges each and every response to the allegations contained in ¶¶1-197

20. Without knowledge as to ¶199 and denies the allegation that the Receiver is entitled to the repayment of the amounts in question, and demand strict proof thereof.

21. Denied ¶¶200-206 as to Tenhulzen.

   WHEREFORE, the Defendant Tenhulzen respectfully requests that Count I of the Complaint be dismissed with prejudice and for such further relief as the Court deems just and proper.

## Count II

22. In response to ¶207 Tenhulzen re-alleges each and every response to the allegations contained in ¶¶1-197

23. Without knowledge as to ¶208 and demand strict proof thereof.

24. Denied ¶¶209-213 as to Tenhulzen

WHEREFORE, the Defendant Tenhulzen respectfully requests that Count II of the Complaint be dismissed with prejudice and for such further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. For a First Affirmative defense, Tenhulzen would state that the venue for this action is improper pursuant 28 USC § 1391 (b) and should be transferred to Wyoming, the place of Defendant's residence, pursuant to 28 USC § 1391(b) or in the alternative 28 USC §1404.

2. For a Second Affirmative defense, Tenhulzen would state that **Exhibit A** attached to the Complaint demonstrates that the applicable four-year statute of limitation or within 1 year after the transfer or obligation was or could reasonably have been discovered by the claimant has expired pursuant to Fla. Stat 726.110 and the Fraudulent Transfer in Count I claims should be dismissed.  The Receiver has raised no facts which support the tolling of the Fla. Stat 726.110.

3. For a Third Affirmative Defense, Tenhulzen would state that the applicable four-year statute of limitations pursuant to Fla. Stat. 95.11 to claims asserted in this Complaint have expired.

4. For a Fourth Affirmative Defense, Tenhulzen would state that Laches bars the equitable claim for Count II of the Complaint, Unjust Enrichment, in that the delay in filing this claim is unreasonable and the delay has prejudiced the Defendant.

5. For a Fifth Affirmative Defense, Tenhulzen would state that the Doctrine of Waiver forecloses the Receiver's claims. The Receiver has alleged that the Receivership Entities

were merely sham entities and the alter egos of the Insiders. As such, the Receivership Entities had knowledge of the alleged misconduct allegedly perpetrated by the Receivership Entities and their Insiders and therefore have waived any rights to assert damages arising out of such conduct.

6. For a Sixth Affirmative Defense, Tenhulzen would state that the Doctrine of Estoppel forecloses the Receiver's claims as the EquiAlt entities were the parties at fault and misled the Defendant into making illegal investments. The Receiver has alleged that the Receivership Entities allegedly were the sham entities and alter-egos of the Insiders alleged to have perpetrated the alleged misconduct that is the subject of this action.  The Receiver therefore is estopped from recovering for the conduct of the Receivership Entities and those persons.  Accordingly, under basic principles of equitable estoppel, the Receiver is barred from pursuing claims against Tenhulzen on the theory that the Receivership Entities maintained a separate existence from the Insiders or other wrongdoers.

7. For a Seventh Affirmative Defense, Tenhulzen would state the Receivership Entities are barred by the doctrine of *in pari delicto*.   *See O'Halloran v. First Union Nat'l Bank of Fla.,* 350 F.3d 1197, 1204 (11th Cir.2003) and any alleged damages set forth in Plaintiff's Complaint were partially or totally caused by the negligent or intentional acts or omissions on the part of EquiAlt's principal Insiders, including Barry Rybicki and Brian Davison, who are non-parties to this lawsuit. Each Receivership Entity was controlled by the alleged fraudsters, and each Receivership Entity lacked honest members of their boards of directors and/or innocent stockholders.

8.  For an Eighth Affirmative Defense, these non-parties are at fault and responsible for Plaintiff's alleged damages. See *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993); *Nash v.*

*Wells Fargo Guard Services, Inc.,* 678 So. 2d 1262 (Fla. 1996). See also *Freeman v. Dean Witter Reynolds, Inc*., 865 So.2d 543, 551 (Fla. 2d DCA 2003) (finding that in *pari delicto* barred a receiver's claims when the corporation was created by the wrongdoer to "dupe the customers").

9. For a Ninth Affirmative Defense, Tenhulzen would state the Receiver lacks standing as the Complaint's claims arising under state law may only be brought by the EquiAlt investors. FUFTA, for example, provides recovery only for creditors. See *Friedman v. Heart Institute of Port St. Lucie,* 863 So.2d 189, 192 (Fla.2003). A Receiver has no standing to represent the creditors and investors in their individual claims." *Miller v. Harding,* 248 F.3d 1127 (1st Cir.2000), 2000 WL 1792990.

10. For a Tenth Affirmative Defense, the Receiver's claim is barred by the alter ego doctrine. The Receiver is authorized to assert claims only on behalf of the Receivership Entities, which may not recover for alleged fraudulent transactions if they are the alter ego of the alleged fraudster and, therefore, authorized the alleged fraudulent transactions.  Based on the facts alleged in the Complaint regarding the level of direction and control by the Insiders over the Receivership Entities, and that the Receivership Entities acted as a common enterprise in carrying out the alleged fraud, the Receivership Entities were merely the alter egos of the Insiders and cannot seek recovery for transactions they authorized. For example, the Receiver essentially alleges in the Complaint that, in reality, all entities operated for personal benefit or profit of the Insiders and were essentially engaged in a Ponzi Scheme."  Complaint ¶154-191.  The wrongful acts of the Insiders cannot be separated from the Receivership Entities for the purposes of the Receiver's claim.

11. For an Eleventh Affirmative Defense, Receiver's claim is barred by the doctrine of unclean hands.  The Receiver has represented in his filings that the Receivership Entities are merely sham entities and alter egos of the Insiders and, thus, perpetrators of the wrongful acts giving rise to their claims.    Because the Receivership purports to stands in the shoes of the Receivership Entities, the Receiver's claim is barred just as the Receivership Entities' claims would be barred by the equitable doctrine of unclean hands.

12. For a Twelfth Affirmative Defense, Receiver's FUFTA claim against Tenhulzen is barred because any transfers Tenhulzen received were for value and in good faith without knowledge of any alleged wrongful or illegal conduct concerning the accounts at issue. Tenhulzen did not control any of the funds received by the Receivership Entities, nor did it have any knowledge that any of the funds were transferred for allegedly improper purposes.  Furthermore, value was provided for those transfers to the extent the funds in the Receivership Entities' accounts were used for the stated purposes of the Receivership Entities.

13. For a Thirteenth Affirmative Defense, the Receiver's claim against Tenhulzen is barred to the extent that any damages suffered by the Receivership Entities resulted from intervening, superseding causes. Any damages the Receivership Entities allegedly suffered resulted from the acts or omissions of third parties not under Tenhulzen's control or direction, including, but not limited to, the Receivership Entities, and any officers, directors, employees, or agents of the Receivership Entities. Accordingly, the Receivership Entities suffered damage as a result of their own actions, including the action of their own officers, directors, employees and agents.  Therefore, Tenhulzen cannot be liable for any such actions.

14. For a Fourteenth Affirmative Defense, Tenhulzen is entitled to a set-off on damages to the extent that the Receiver and/or any consumer and/or any creditor of the Receivership Entities receives any recovery from any other source or third-party.


Dated: May 25,2021                                  Respectfully submitted,


                                                    Dale Tenhulzen, *pro se*
                                                    1108 14th St #165
                                                    Cody, Wyoming 82124
                                                    e-mail: Dale@LiveWealthyInstitute.com


## CERTIFICATE OF SERVICE

   **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via Electronic Mail to: Jared J. Perez, Esq., Attorney for Receiver, Guerra King, P.A., 5505 W. Gray Street, Tampa, FL 33609 (jperez@guerraking.com), Robert Max McKinley,Esq., mmckinley@guerraking.com; Katherine C. Donlon, Esq. kdonlon@guerraking.com; this 25th day of May, 2021.


                                                    Dale Tenhulzen, *pro se*
                                                    1108 14th St #165
                                                    Cody, Wyoming 82124
                                                    e-mail: Dale@LiveWealthyInstitute.com