UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BURTON W. WIAND, *as receiver for*
*EquiAlt LLC, EquiAlt Fund, LLC, EquiAlt*
*Fund II, LLC, EquiAlt Fund II, EA SIP, LLC,*

    Plaintiff,

v.   Case No: 8:21-cv-360-TPB-CPT

ERIK ADAMEK, et al.,

    Defendants.
_____

## ORDER DENYING MOTIONS TO DISMISS

This matter is before the Court on the following motions:

    Stephen Hotchkiss's *pro se* motion to dismiss (Doc. 148);

    Sudhaker G. Patel and Jyotika S. Patel's motion to dismiss (Doc. 154);

    Defendant Helen Adamian's, Hamlet Adamian's David Blitz's, Blake Mahler's, Dawn Stallmo's, Scott Stallmo's, James Bartusek's, and Ann Bartusek's motion to dismiss, filed by counsel (Doc. 166);

    Lawrence Tiede's *pro se* motion to dismiss (Doc. 169);

    James Flynn's motion to dismiss, filed by counsel (Doc. 185);

    Mark Zdrojewski's *pro se* motion to dismiss (Doc. 193);

    Silvana Briguglio's motion to dismiss, filed by counsel (Doc. 199); and

    Deborah Cook's motion to dismiss, filed by counsel (Doc. 205).

Plaintiff filed responses in opposition. (Docs. 177; 181; 190; 196; 212; 213; 226; 275). After reviewing the motions, responses, court file, and the record, the Court finds as follows:

## Background

Defendants are individual investors in what is alleged to have been a ponzi scheme. On February 11, 2020, the Securities and Exchange Commission ("SEC") filed a complaint against Brian Davison, Barry Rybicki, EquiAlt LLC, EquiAlt Fund, LLC, EquiAlt Fund II, LLC, EquiAlt Fund III, LLC, and EA SIP, LLC. *See S.E.C. v. Brian Davison, et al.*, No. 8:20-cv-325-T-35AEP (MD. Fla.). In that case, the Court entered an order appointing Plaintiff Burton W. Wiand as temporary receiver. Plaintiff subsequently filed the instant lawsuit under the authority granted in that receivership order.[1] His claims seek to recover money transferred to each Defendant in an amount that exceeds the amount invested by each Defendant ("false profits" or "fraudulent transfers").

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual

---

[1] On July 16, 2021, Plaintiff was reappointed as the Receiver in the underlying SEC case.

allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

### *Subject Matter Jurisdiction*

Defendants Helen Adamian, Hamlet Adamian, David Blitz, Blake Mahler, Dawn Stallmo, Scott Stallmo, James Bartusek, and Ann Bartusek (Doc. 166), James Flynn (Doc. 212), Mark Zdrovjewski (Doc. 193), and Deborah A. Cook (Doc. 205) argue that the Court lacks subject matter jurisdiction over this case. Specifically, these Defendants contend that the complaint does not present a federal question, and no federal statute permits jurisdiction over the state-law claims asserted.

Plaintiff asserts that jurisdiction is based on 7 U.S.C. § 13a-1, 28 U.S.C. § 754, and principles of ancillary or supplemental jurisdiction under 28 U.S.C. § 1367. The federal district court maintains subject matter jurisdiction in ancillary actions

brought in the court where a receiver is appointed. *See, e.g., United States Small Business Admin.* v. *Integrated Envtl. Solutions*, No. H-05-3041, 2006 WL 2336446, at *2 (S.D. Tex. Aug. 10, 2006) ("[I]t is well-settled that when an initial suit results in the appointment of the receiver, any suit that the receiver thereafter brings in the appointment court in order to execute his duties is ancillary to the main suit. In such a case, the court has ancillary subject matter jurisdiction of every such suit irrespective of diversity, amount in controversy, or any other factor that would normally determine jurisdiction."); *Quilling v. Cristell*, No. Civ.A. 304CV252, 2006 WL 316981, at *4 (W.D. N.C. Feb. 9, 2006) ("It is established law that a federal court which appoints a receiver has ancillary jurisdiction over all suits brought by the receiver in furtherance of the receivership."). The motions are denied as to this ground.

***Venue***

Defendants Helen Adamian, Hamlet Adamian, David Blitz, Blake Mahler, Dawn Stallmo, Scott Stallmo, James Bartusek, and Ann Bartusek (Doc. 166), James Flynn (Doc. 185), Mark Zdrojewski (Doc. 193, and Deborah A. Cook (Doc. 205) argue that this is an improper venue. Venue is proper in this district because it is related to the SEC action pending in this district and because Plaintiff was appointed as Receiver in this district. *See, e.g., Hodgson v. Gilmartin*, No. 06-1944, 2006 WL 2707397, at *6-7 (E.D. Pa. Sept. 18, 2006) (concluding that "the receivership statutes function to establish both jurisdiction and venue"). The motions are denied as to this ground.

*Forum Selection Clause*

Defendants Helen Adamian, Hamlet Adamian, David Blitz, Blake Mahler, Dawn Stallmo, Scott Stallmo, James Bartusek, and Ann Bartusek (Doc. 166) and Mark Zdrojewski (Doc. 193) argue that this case should be dismissed because of a mandatory forum selection clause. Contrary to this argument, the Court finds that the cited forum selection clause is permissive rather than mandatory. The motions are denied as to this ground.

*Personal Jurisdiction*

Defendants Steven Hotchkiss (Doc. 148), Lawrence Tiede (Doc. 169), James Flynn (Doc. 185), Mark Zdrojewski (Doc. 193), and Deborah A. Cook (Doc. 205) contend that the Court lacks personal jurisdiction because they lack sufficient Florida contacts. However, the basis for jurisdiction in this case is not based on Florida's long-arm statute. Instead, personal jurisdiction is premised on 28 U.S.C. § 754 and 28 U.S.C. § 1692. *See, e.g., Quilling*, 2006 WL 316981, at *1 (explaining that personal jurisdiction in a receivership proceeding is not governed by the traditional minimum contacts analysis).

In this case, Plaintiff has alleged that he complied with the statutory requirements. Furthermore, in a status report, he has further asserted that he filed the appropriate documents with the districts where Defendants Steven Hotchkiss, Lawrence Tiede, James Flynn, Mark Zdrojewski, and Deborah A. Cook reside. (Docs. 348). His failure to initially meet the requirements of the statute as to any of the defendants does not permanently divest the Receiver or the Court of jurisdiction. *See, e.g., Wiand v. Buhl*, No. 8:10-cv-75-T-17MAP, 2011 WL 6048829,

at *5 (M.D. Fla. Nov. 3, 2011), *report and recommendation adopted*, 2011 WL 6048741 (M.D. Fla. Dec. 6, 2011); *SEC v. Aquacell Batteries, Inc.*, No. 6:07-cv-608-Orl-22DAB, 2008 WL 2915064, at *2 (M.D. Fla. July 24, 2008). As such, the motions are denied as to this ground.

### *Service of Process*

Mark Zdrojewski (Doc. 193) argues that dismissal is appropriate because of defective service of process. However, he has not provided any factual basis or legal argument regarding the alleged insufficiency of process. The motion is denied as to this ground.

### *Statute of Limitations*

Mark Zdrojewski (Doc. 193) and Silvana Briguglio (Doc. 199) contend that this case is precluded by the statute of limitations. § 726.110, *F.S.* provides that claims under Florida's Uniform Fraudulent Transfer Act ("FUFTA") must be brought within four years of the transfers or "if later, within 1 year after the transfer of obligation as or could reasonably have been discovered by the claimant." Plaintiff was appointed as Receiver on February 14, 2020. The instant case was filed within one year of his appointment – February 13, 2021. As such, the statute of limitations does not preclude Plaintiff's claims. *See, e.g., Wiand v. Morgan*, 919 F. Supp. 2d 1342, 1370 (M.D. Fla. 2013); *Scholes v. Lehmann*, 56 F.3d 750, 754-55 (7th Cir. 1995); *Wing v. Kendrick*, No. 2:08-cv-01002-DB, 2009 WL 1362383, at *3 (D. Utah 2009). The motions are denied as to this ground.

*Failure to State a Claim*

Defendant Silvana Briguglio (Doc. 199) contends that the complaint is an impermissible shotgun pleading. The Court disagrees. The complaint gives Briguglio fair notice of the claims against her. The motion is denied as to this ground.

Defendants Helen Adamian, Hamlet Adamian, David Blitz, Blake Mahler, Dawn Stallmo, Scott Stallmo, James Bartusek, and Ann Bartusek (Doc. 166) and Mark Zdrojewski (Doc. 193) argue that Plaintiff has failed to state claims for FUFTA and unjust enrichment. Upon review, the Court finds that Plaintiff has sufficiently stated the FUFTA claims. *See, e.g.*, *In re Burton Wiand Receivership Cases Pending in the Tampa Div. of the Middle Dist. Of Fla.*, No: 8:05-cv-1856-T-27MSS, 2008 WL 818504, at *3-4 (M.D. Fla. Mar. 26, 2008); *S.E.C. v. Elliott*, 953 F.2d 1560 (11th Cir. 1992). Plaintiff has also sufficiently stated the unjust enrichment claims as to false profits. *See, e.g.*, *In re Burton Wiand Receivership Cases Pending in the Tampa Div. of the Middle Dist. Of Fla.*, 2008 WL 818504, at *5-7 (M.D. Fla. Mar. 26, 2008). As such, the motions are denied as to this ground.

Defendants Sudhaker G. Patel and Jyotika S. Patel (Doc. 154) appear to argue the case should be dismissed for failing to state a claim because they did not do anything wrong and merely earned interest on an investment. However, contrary to these assertions, these types of clawback claims – seeking to avoid fraudulent transfers or the disgorgement of transfers – are legally viable claims. The motion to dismiss is denied as to this ground.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED**:

1) The motions to dismiss (Docs. 148, 154, 166, 169, 185, 193, 199, and 205) are hereby **DENIED**.

2) Defendants are directed to file an answer on or before October 1, 2021.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of September, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**