UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BURTON WIAND, as
Receiver for EquiAlt
LLC, EquiAlt Fund,
LLC, EquiAlt Fund II,
LLC, EquiAlt Fund III,
EA SIP, LLC,

    Plaintiff,                                 Case No.: 8:21-cv-0360-TPB-CPT

v.

ERIK ADAMEK, et al.,

    Defendants.
_____/

## Case Management Report

    The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

   > The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

   The parties conducted the planning conference on September 22, 2021 via Zoom. The conference was attended by the following:

   Kacy Donlon, Counsel for Plaintiff Burton W. Wiand, Receiver

Alfred Villoch, Counsel for Defendant Silvana Briguglio

Greg Orcutt, Counsel for Defendant Deborah Cook

Richard Kirby, Counsel for Defendant James Flynn

Charles Farano, Counsel for Defendants Scott Stallmo, Diane Stallmo, Blake Mahler, Hamlet Adamian, Helen Adamian and David Blitz

Steve Hotchkiss, *Pro Se Defendant*

Sy Patel, *Pro Se Defendant*

Mark Zdrojewski, *Pro Se Defendant*

Lawrence Tiede, *Pro Se Defendant*

2. **Deadlines and Dates**

   The parties request these deadlines and dates:

| **Action or Event** | **Date** |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 11/15/2021 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 11/18/2021 |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 10/21/2022 |
| Defendant's deadline for disclosing any expert report. | 10/21/2022 |
| Deadline for disclosing any rebuttal expert report. | 11/4/2022 |
| Deadline for completion of fact discovery. | 10/7/2022 |
| Deadline for completing expert discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 12/16/2022 |

| | |
|---|---|
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | Not applicable |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 1/6/2023 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.  Click or tap here to enter text. | 12/2/2022 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 4/21/2023 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 5/5/2023 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 5/19/2023 |
| Month and year of the trial term. | June 2023 |

The trial will last approximately 10 days and be

☒ jury.

☐ non-jury.

## 3. Description of the Action

Plaintiff, Receiver for Receivership Entities involved in the EquiAlt ponzi scheme (see Case No. 20-cv-325), seeks to recover "false profits" paid by the Receivership entities to the defendants as part of the underlying ponzi scheme. Plaintiff's claims arise under Florida's Uniform Fraudulent Transfer Act as well as common law claims for unjust enrichment.

Defendant James Flynn denies the allegations in the complaint and disputes the factual assertions and the Receiver's characterization of the payments made to him. He further denies all liability. Defendant James Flynn reserves all rights pending the filling of his answer.

Defendant Mark Zdrojewski denies all the allegations in the Complaint and disputes the Receiver's factual assertions and characterization of the payments as false profits. He also denies all liabilities."

Defendant Steve Hotchkiss states that he does not have sufficient information to affirm or deny the allegations in paragraphs 1-213 in the Complaint and therefore denies them, except for the information identifying Mr. Hotchkiss as a defendant in the lawsuit.

4. **Disclosure Statement**

☐ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

   ☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

   ☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

   > The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

   ☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

   The parties submit the following discovery plan under Rule 26(f)(2):

   A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

      ☒ Yes.
      ☐ No; instead, the parties agree to these changes: enter changes.

   B. Discovery may be needed on these subjects:

   C. Discovery should be conducted in phases:

      ☐ No.
      ☒ Yes; fact and expert discovery.

   D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

      ☒  No.
      ☐  Yes; describe the issue(s).

E.  ☒  The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).
**The parties are discussing the need for a reasonably crafted protective order to protect the financial information of the Defendants..**

F.  The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

      ☒  No.
      ☐  Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☒ Defendant Mark Zdrojewski unilaterally requests special handling. Specifically, he requests a court interpreter into Polish language, as he has limited English proficiency, especially with legal terms.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

**/s/ Katherine C. Donlon**
Katherine C. Donlon
Florida Bar No: 0066941)
Johnson, Cassidy Newlon
& DeCort P.A.
2802 N. Howard Avenue
Tampa, FL  33607
(813) 291-3300
kdonlon@jclaw.com

*Counsel for Plaintiff Burton Wiand, as Receiver*

**/s/ Alfred Villoch**
Alfred Villoch
(Florida Bar No: 631434)
Savage Villoch Law, PLLC
412 E. Madison Street, Suite 815
Tampa, Florida 33602
Tel: (813) 251-4890
alfred@savagelaw.us

*Counsel for Defendant Silvana Briguglio*

**/s/ Gregory J. Orcutt**
Gregory J. Orcutt
Florida Bar No:  230855
GREGORY J. ORCUTT, P.L.
4921 Memorial Highway, Suite 200
Tampa, Florida  33634
(813) 347-4825
greg@orcuttlaw.com

*Counsel for Defendant Deborah Cook*

**/s/ Richard A. Kirby**
Richard A. Kirby
*Admitted Pro Hac Vice*
DC Bar No.: 247759
R|K INVEST LAW, PBC
1725 I St, NW - Suite 300
Washington, DC 20006
(202) 236-2854
kirby@investlaw.net

*Counsel for Defendant James Flynn*

**/s/ Charles M. Farano**
Charles M. Farano
*Admitted Pro Hac Vice*
FARANO LAW
243A Lakeview Avenue
Placentia, CA  95287
(714) 854-9860
cfarano@faranolaw.com

*Counsel for Defendants Scott Stallmo, Diane Stallmo, Blake Mahler, Hamlet Adamian, Helen Adamian and David Blitz*

**/s/ Steve Hotchkiss**
Steve Hotchkiss, *Pro Se Defendant*
508 N Green St.
Clarks, NE 68628
stevehotchkiss52@gmail.com

**/s/ Sudhaker Patel**
Sudhaker Patel, *Pro Se Defendant*
27 W. 257 Waterfield Dr.
Winfield, IL 60190
sypatel42@gmail.com

**/s/ Mark Zdrojewski**
Mark Zdrojewski
*Pro Se Defendant*
24041 Dory Drive
Laguna Niguel, CA 92677
mzdrojewski@gmail.com
(949) 228-1961

**/s/ Lawrence Tiede**
Lawrence Tiede, *Pro Se Defendant*
4836 Fiesta Lakes Street
Las Vegas, NV 89130
lawrencetiede@yahoo.com
(702) 328-0249