UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BURTON W. WIAND, as Receiver
for EquiAlt LLC, EquiAlt Fund, LLC,
EquiAlt Fund II, LLC, EquiAlt Fund II,
EA SIP, LLC,

    Plaintiff,

v.                                                       Case No. 8:21-cv-360-JLB-CPT

ERIK ADAMEK, et al.,

    Defendants.
_____/

**O R D E R**

Before the Court is the *Plaintiff Receiver [Burton W. Wiand]'s Omnibus Motion for Default Judgment against Defaulted Defendants* (Doc. 433). For the reasons set forth below, Wiand's motion is denied without prejudice.

I.

This suit arises from Wiand's appointment as the Receiver for EquiAlt LLC, EquiAlt Fund, LLC, EquiAlt Fund II, LLC, EquiAlt Fund III, and EA SIP, LLC (Receivership Entities) in an enforcement action bearing the caption *Securities and Exchange Commission v. Brian Davison, et al.*, No. 8:20-cv-325-MSS-MRM (M.D. Fla.). (Doc. 433-1). According to Wiand, the Securities and Exchange Commission brought

the *Davison* case against the Receivership Entities and two individuals due to their involvement in a Ponzi scheme. (Doc. 433).

Wiand then commenced the instant litigation, averring that the Defendants named in his complaint received money through or on behalf of the Receivership Entities which exceeded the amount the Defendants invested in one or more of these entities. (Docs. 1, 433). Based upon these allegations, Wiand asserts claims for actual and constructive fraud under the Florida Uniform Fraudulent Transfer Act (FUFTA), as well as an alternative claim for unjust enrichment. (Doc. 1).

While certain of the Defendants responded to Wiand's complaint, a number of them did not, resulting in those Defendants being defaulted by the Clerk of Court. *See* (Doc. 433-1). Wiand subsequently submitted the instant motion requesting that the Court enter a default judgment against each of these Defendants.[1] (Doc. 433).

Independent of his motion, however, Wiand has voluntarily dismissed his claims against several of the defaulted Defendants (Docs. 436, 439, 453, 455) and has also moved for summary judgment against the remaining Defendants (Doc. 416). Wiand's summary judgment motion pertains to both his FUFTA and his unjust enrichment claims and is currently pending before the Court. *Id*.

## II.

Federal Rule of Civil Procedure 55(b) provides that where, as here, a clerk's default has been entered, a plaintiff may apply to either the clerk or the court for a

---

[1] None of the defaulted Defendant responded to Wiand's motion for a default judgment, and their time for doing so has elapsed. *See* M.D. Fla. R. 3.01(c).

default judgment.  Fed. R. Civ. P. 55(b).  A default judgment may thereafter be awarded if "there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Rule 54(b) states, however, that in a lawsuit involving multiple parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*."  Fed. R. Civ. P. 54(b) (emphasis added).  The "preferred practice" in multi-defendant actions where only some defendants are in default is to withhold granting a default judgment against those defendants until there is an adjudication on the merits as to the non-defaulted defendants.  *North Pointe Ins. Co. v. Global Roofing & Sheet Metal, Inc.,* 2012 WL 5378826, at *4 (M.D. Fla. Sept. 4, 2012) (internal quotation marks and citations omitted).  Courts that have taken this approach have done so, at least in part, to avoid inconsistent judgments.  *See, e.g.*, *Auto-Owners Ins. Co. v. Bailey*, 378 F. Supp. 3d 1213, 1221 (M.D. Ga. 2019) (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984); *Northfield Ins. Co. v. Browning Timber & Saw Mill, LLC*, 2018 WL 3135970, at *2 (N.D. Ala. June 27, 2018)); *Zurich Am. Ins. Co. v. Ednic Trading Corp.*, 2014 WL 869216, at *1 (S.D. Fla. Mar. 5, 2014) (citations omitted).

Given the procedural posture of this case, the Court declines to enter a default judgment at this time.  As noted above, the claims asserted against the Defendants who are the subject of the Wiand's motion are also the subject of his summary

3

judgment motion. *See* (Doc. 416). And since the Court has yet to rule on Wiand's summary judgment request, the most prudent course of action is to resolve the instant motion at a later juncture.

There is another reason for denying Wiand's motion for a default judgment. Although Wiand has dismissed the claims against some of the defaulted Defendants (Docs. 436, 439, 453, 455), he has not amended his motion to reflect these developments. Any future such request for relief will need to cure this deficiency.

### III.

In light of the above, it is hereby ORDERED:

1. The *Plaintiff Receiver [Wiand]'s Omnibus Motion for Default Judgment against Defaulted Defendants* (Doc. 433) is denied without prejudice.

2. Wiand may refile his motion against the proper Defendants at a more appropriate phase of this litigation.

SO ORDERED in Tampa, Florida, this 21st day of June 2023.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record
Any unrepresented party