UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BURTON W. WIAND, as Receiver for
EquiAlt LLC, EquiAlt Fund, LLC,
EquiAlt Fund II, LLC, EquiAlt Fund
III, EA SIP, LLC,

    Plaintiff,

v.                                          Case No:   8:21-cv-360-JLB-CPT

ERIK ADAMEK, et al.,

    Defendants.

## ORDER

This matter comes before the Court on Defendants Sudhaker Patel and Jyotika Patel's Motion for Clarification (Doc. 483), which the Court construes as a Motion for Reconsideration of the Court's Order granting summary judgment (Doc. 469) and the Judgment (Doc. 472) entered against Mr. and Ms. Patel. The Court **DENIES** the Motion because Mr. and Ms. Patel have established no ground on which the Motion may be granted.

Federal Rule of Civil Procedure 59(e) "enables a party to request that a district court reconsider a just-issued judgment." *Banister v. Davis*, 590 U.S. ----, 140 S. Ct. 1698, 1703 (2020). A motion for reconsideration may be granted based on three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."

1

*See Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citations omitted); *see also Gilliam v. U.S. Dep't of Veterans Affs.*, 822 F. App'x 985, 992 (11th Cir. 2020) ("A district court may only grant a motion for reconsideration under Rule 59(e) on the grounds of 'newly-discovered evidence or manifest errors of law or fact'") (quotation omitted); *Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) ("Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59.").

Mr. and Ms. Patel identified these concerns with the Judgment (Doc. 472):

> 1) The [judgment] was made on [August 16, 2023]. Why should the [r]eceiver tag on interest from the day they sued? To add interest to the interest they were suing me for, is adding insult to injury.
> 2) What is the next step for me to take now that the judge has decided the case[.] I do not understand the local code 7.01. I cannot afford a Florida lawyer due to financial obligations. I was ready to plead my case was it no[t] for my California lawyer who really let myself and other defendants down by not advising as to what was really [] happening[]in the legal proceedings. Cov[i]d was a big hindrance in receiving up and following up on the courts requirements in on time[.]
> 3) Can I still make a proposal with the receiver that is fair to both the part[ies]?
> 4) Can the judge show some mercy for me and at least require the receiver to cancel the tagged on interest and give me a reasonable time to pay the so called false profits[?]
> 5) I am enclosing some receipts to prove that I have some strong commitments for furthering my Granddaughters education and some other letters I mailed in my defense.

(Doc. 483 at 2) (alterations added for clarity).

Mr. and Ms. Patel have not presented an intervening change in law or the

availability of new evidence. Construing their motion liberally, Mr. and Ms. Patel argue that the Judgment has created a manifest injustice. As one court in this district has observed, although the concept of "manifest injustice" has not been specifically defined, courts have found that a moving party may obtain relief by showing:

> (1) a clear and obvious error where the interests of justice demand correction, *McGuire v. Ryland Grp., Inc.*, 497 F.Supp.2d 1356, 1358 (M.D. Fla. 2007); (2) that a "fundamental flaw" exists in the court's decision "that without correction would lead to a result that is both inequitable and not in line with applicable policy," *In re Full of Faith Ministries, Inc.*, 2012 WL 13220143, at *2 (Bankr. M.D. Fla. Mar. 12, 2012); or (3) "an error committed by the trial court that is direct, obvious, and observable," *Corpac v. Rubin & Rothman*, 10 F. Supp. 3d 349, 354 (E.D.N.Y. 2013) (citation omitted).

*State Farm Mutual Automobile Ins. Co. v. Larocca*, Case No. 8:21-cv-2536-SCB-AEP, 2022 WL 19561968, at *3 (M.D. Fla. Nov. 28, 2022). Mr. and Ms. Patel do not argue that there was any error in the Court's order or that there was a fundamental flaw with the Court's decision. Indeed, Mr. and Ms. Patel seem to simply ask for the Court to provide them with legal advice or a payment plan, which the Court is unable to do. Accordingly, the Court finds that reconsideration is due to be denied.

    **ORDERED** at Tampa, Florida on January 23, 2024.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE